IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NORMAN TAYLOR, and
DEBRA LEE TAYLOR;

        Plaintiffs,

    v.

GORILLA CAPITAL, INC., JOHN
HELMICK, and CTC ESCROW Co.
dba CASCADE ESCROW;

        Defendants.

Case No. 6:18-cv-648-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiffs David and Debra Taylor received a loan backed by a deed of trust on their home. They bring this action against the alleged broker, lender, and escrow agent involved in the making of the loan. I previously granted Defendants' motion to dismiss the fraud claim without prejudice. Plaintiffs filed an amended complaint reasserting the same four claims against Defendants Gorilla and Helmick. Defendants only move to dismiss Plaintiffs' amended fraud claim.[1] Because the amended complaint fails to allege sufficient facts to support a fraud claim, the motion to dismiss is granted.

---

[1] Plaintiffs' motion for leave to amend the fifth claim against the escrow agent was granted, and that claim is not at issue here.

1 – OPINION AND ORDER

# BACKGROUND[2]

The Taylors' son was involved in an auto finance business with Jeremy Cruz. Am. Compl. ¶ 11; ECF No. 22. Cruz had, at a point in the past, worked for Defendant Gorilla Capital ("Gorilla"), a corporation that makes or invests in mortgage loans. Am. Compl. ¶ 9. Gorilla Capital is run by Defendant John Helmick ("Helmick"), "a sophisticated lender, broker and real estate 'flipper' who has run Gorilla since 1993." Am. Compl. ¶ 15. Helmick and Cruz are close friends. Am. Compl. ¶ 9.

8.

Sometime on or about May 27, 2015, a Jeremy Cruz contacted Gorilla Capital and Helmick about a loan related to his business, Eugene Auto Finance. He proposed that Defendants give Plaintiffs a loan secured by a third lien on their principal residence but with the proceeds being used for purposes as directed by Cruz and Helmick. Cruz negotiated the loan's terms.

\* \* \* \*

10.

On or about July 6, 2015, a loan was closed in escrow at Cascade Title for $90,000 with Helmick as the lender. The proceeds went partly to certain creditors of Eugene Auto Finance, and $39,800.35 was distributed to Cruz personally. Within days, Cruz lent $35,000 of the loan proceeds to Gorilla Capital.

11.

Immediately after closing, Taylor was contacted by their son, a business partner with Cruz. He advised them that the payments to Eugene Auto Finance creditors were not as he agreed with Cruz, and that the distribution to Cruz should have been capital for Eugene Auto Finance. Taylor immediately went back to Cascade Escrow to rescind the loan. The closing occurred around 5 pm PST and Taylor found the doors locked. A Cascade employee came out to talk to Taylor and advised them to call the next day. The next day, Taylor called Cascade Escrow and demanded that the loan be rescinded. Cascade Escrow employees told Taylor that the loan already funded and could not be rescinded.

\* \* \* \*

---

[2] At the motion to dismiss stage, I assume the truth plaintiffs' allegations.

14.

Taylor never provided a loan application, made any financial disclosures nor provided evidence of an ability to repay the loan. The loan is an asset based loan, relying only on the value of the collateral and the right to foreclose, and not on the borrowers [sic] ability to repay the loan.

\* \* \* \*

18.

Taylor never made a single payment to Helmick and never ratified the loan after rescinding the loan. Taylor received no benefit from the loan nor [sic] consideration for pledging the Property as collateral for the loan.

Am. Compl. 3–6.

In addition to the allegations included above, the Taylors allege:

20.

Helmick's emails, individually and/or as president [of] Gorilla Capital, as well as the Cruz emails on Helmick's behalf all omitted the material fact that the loan would not be a consumer loan but was instead a high risk asset based loan. And all emails omitted the material fact that the loan was not granted based on Taylor's ability to repay the loan, but on the collateral's value alone. These omissions coincided a predatory lending. Taylor send [sic] and received all emails in Lane County. Taylor has no knowledge as to Helmick and Cruz's [sic] locations when they sent and received emails.

\* \* \* \*

24.

Taylor was unable to afford the loan but was never advised properly as to the financial consequence of the loan, such as by Truth in Lending Act ("TILA") of [sic] Home Ownership and Equity Protection Act ("HOEPA") disclosures. Helmick, Gorilla Capital and Cruz had a duty to disclose that the loan was not based on an ability to repay and constituted a high risk loan with Taylor's principal residence as collateral.

Am. Compl. ¶¶ 20, 24.

Plaintiffs allege that because Plaintiffs had a right to rely on the material omissions, and did so to their detriment, Defendants' material omissions constituted fraud. Am. Compl. 7.

Defendants Gorilla and Helmick move to dismiss the amended fraud claim.

3 – OPINION AND ORDER

**STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

The original fraud claim was dismissed without prejudice. Op. and Order 8; ECF No. 19. The Plaintiffs' amended complaint slightly modifies the claim with two assertions. First, that Helmick "and/or" Gorilla committed fraud by omitting material facts about the loan being a high risk asset based loan. Second, that the loan was granted only on the collateral's value instead of Plaintiffs' ability to pay. *Compare* Compl. ¶ 20 (alleging that Defendants represented the loan as a consumer loan and, in the alternative, omitted the material fact that the loan was actually a high risk asset based loan) *with* Am. Comp. ¶ 20 (alleging that Defendants omitted material facts regarding the nature of the loan). Additionally, Plaintiffs conclude that "Helmick, Gorilla Capital

4 – OPINION AND ORDER

and Cruz had a duty to disclose that the loan was not based on an ability to repay and constituted a high risk loan with Taylor's principal residence as collateral."Am. Compl. ¶ 24

In Oregon, a claim of fraudulent misrepresentation requires the plaintiff to "plead and prove" nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury.

*Travis v. Knappenberger*, 204 F.R.D. 652, 659 (D. Or. 2001) (quoting *Smallwood v. Fisk*, 934 P.2d 557, 559 (1997)).

When fraud is based on silence or nondisclosure of a material fact, a party first must "demonstrate that the defendant either (1) remained silent when the defendant had a duty to speak, or (2) assumed the obligation to make a full and fair disclosure of the whole truth by making a representation in the nature of a 'half-truth.'" *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 160 F. Supp. 3d. 1214, 1223 (D. Or. 2016) (citing *Smith v. U.S. Bank, N.A.*, No. 10–3077–CL, 2011 WL 7628515 at *6 (D. Or. Oct. 26, 2011), *report and recommendation adopted* 2012 WL 1029364 (D. Or. Mar. 26, 2012)); *See also Gregory v. Novak*, 121 Or. App. 651, 655, 855 P.2d 1142 (1993) (holding that "one who makes a representation that is misleading because it is in the nature of a 'half-truth' assumes the obligation to make a full and fair disclosure of the whole truth"). A party alleging fraud must "state with particularity the circumstances constituting fraud." FRCP 9(b).

Defendants argue the amended complaint fails to sufficiently allege that Helmick or Gorilla had a special relationship with Plaintiffs that gave rise to a duty to disclose or had an obligatory duty to disclose as a result of "half-truths." I agree.

## I. **Special Relationship**

Defendants first assert that Plaintiffs failed to allege that Defendants owed a duty to Plaintiffs regarding the loan or were in a special relationship that would give rise to a duty to disclose. Specifically, Defendants point out that Plaintiffs' allegations with respect to duty are limited to an allegation that Helmick and Plaintiffs were in a debtor-creditor relationship, Am. Compl. ¶ 10, and a conclusory statement that "Helmick, Gorilla Capital and Cruz had a duty to disclose that the loan was not based on an ability to repay and constituted a high risk loan with Taylor's principal residence as collateral" Am. Compl. ¶ 24.

In response, Plaintiffs agree with Defendants that there is no fiduciary relationship. Pl. Resp. 8; ECF No. 28. However, Plaintiffs, relying on *Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or. App. 352, *rev. denied*, 339 Or. 406 (2005), argue that a "special relationship" was formed sufficient to create an alternative duty to make a full disclosure of the true nature of the loan. Pl. Resp. 8.

"A duty to disclose exists when the parties are in a fiduciary relationship or possibly a 'special relationship' as that term is defined under Oregon law." *Simpson v. U.S. West Commc'ns, Inc.*, 957 F. Supp. 201, 206 (D. Or. 1997). Whether a relationship is special "is driven by the facts." *Shin*, 199 Or. App. at 366. The defining feature of such a relationship is that one party has ceded to another decision-making authority with the expectation that decisions will be made in the best interests of the ceding party. *Smith v. Bank of Am, NA*, No. 3:12-cv-01597-AA, 2013 WL 26959562, at *3 (D. Or. June 4, 2013); *See Shin*, 199 Or. App. at 366 ("[T]he

6 – OPINION AND ORDER

common thread among special relationships is that 'the party who owes the duty has a special responsibility toward the other party.'" (emphasis omitted)).

In *Shin*, the court found that a special relationship existed between an international homestay student and the school the student attended, such that the school had a heightened duty to avoid the infliction of emotional distress on the student. 199 Or. App. at 366. In finding that a special relationship existed, the court examined the roles of the parties in the relationship and concluded that a special relationship akin to a "surrogate parent relationship" existed. *Id.* at 367–69.

The nature of the relationship in the present case is not like the relationship in *Shin*. The plaintiff in *Shin* "entrusted herself to [the school] [and] relied on the school to exercise independent judgment on her behalf." *Id.* Plaintiffs, unlike the plaintiff in *Shin*, do not allege that they ceded any decision-making authority to Cruz or Defendants, or that Defendants had a duty to make decisions with their best interests in mind. In addition, the Plaintiffs did not entrust themselves to Defendants like the plaintiff in *Shin*. Instead, Plaintiffs merely alleged the conclusory statement that a duty to disclose existed. *See* Am. Compl. ¶ 24 ("Helmick, Gorilla Capital and Cruz had a duty to disclose that the loan was not based on an ability to repay and constituted a high risk loan with Taylor's principal residence as collateral.").

Without any specific factual allegations in support of this conclusory statement, Plaintiffs fail to properly allege a special relationship between Plaintiffs and Defendants that gave rise to a duty to disclose.[3]

---

[3] While Plaintiffs allege that Cruz negotiated the loan terms, Am. Compl. ¶ 17, they do not bring any claims against Cruz. There are no allegations as to Helmick or Gorilla from which the court may infer a special relationship existed between Plaintiffs and these Defendants.

7 – OPINION AND ORDER

## II. Obligation to Make a Full and Fair Disclosure

Defendants also assert that Plaintiffs failed to allege that Defendants offered a "half-truth" that obligated Defendants to make a full and fair disclosure of the nature of the mortgage loan. Plaintiffs take the position that to avoid fraud liability when offering a loan to a borrower, a lender must disclose whether the borrower has the ability to repay the loan without a refinance or sale of the collateral. Citing *Osborn v. Gene Teague Chevrolet Co.*, 254 Or. 486, 488 (1969), Plaintiffs argue that the offering of a mortgage product secured to a person's personal residence contains an inherent representation of that person's ability to repay the loan without having to sell or refinance the home, in the absence of any other disclosures . Pl. Resp. 6. Applied to the present case, Plaintiffs argue that they have sufficiently stated a claim for fraud based on Defendant's failure to make a full and fair disclosure simply by alleging that Defendants offered a mortgage product to Plaintiffs.

I find Plaintiffs' argument unpersuasive. Plaintiffs argue that Defendants made a representation "that required full disclosure that the loan would not constitute a consumer loan, was not covered by various federal statutes and regulations, and required a sale or refinance to satisfy" when Defendants offered Plaintiffs the loan. Pl. Resp. 6–7. However, a full and fair disclosure is required under Oregon law only where a party has made a representation in the nature of a "half-truth." *Unigestion*, 160 F. Supp. 3d. at 1223. Even assuming Plaintiffs' theory—that the mere offering of a loan constitutes a representation for purposes of asserting a fraud claim—is true, Plaintiffs do not allege in their amended complaint or in their response that Defendants' offer was a "half-truth."

In *Osborn*, the Oregon Supreme Court ruled that the affirmative act of a car dealer turning back an odometer, coupled with a customer's reasonable reliance upon odometer

8 – OPINION AND ORDER

readings to determine the use of a vehicle, was sufficient to state a claim for fraud. *Osborn*, 254 Or. at 488–89. Importantly, the court determined that the fraudulent misrepresentation required a "half-truth"; in *Osborn*, altering the odometer created a "half-truth" regarding the amount of the vehicle's prior use. *Id.* Importantly, the court did not find that the mere offering of a car for sale constituted a representation of the car's prior use.

Despite Plaintiffs' contention that the representation in the present case is consistent with the representation in *Osborn*, Defendants' mere offer of a mortgage loan to Plaintiffs is not synonymous to the car dealer's turning back of an odometer. Additionally, Plaintiffs' claim against Defendants is based on an *omission* of a disclosure, whereas the claim in *Osborn* was based on an affirmative, "half-true" disclosure. As a result, Plaintiffs' attempted extension of the *Osborn* holding to cases of fraud by omission fails. Here, Defendants were not creating a "half-truth" by offering a loan to Plaintiffs. Plaintiffs were required to allege particular facts to establish Defendants had represented a "half-truth," and they again failed to do so.

Even if the offering of the loan to Plaintiffs constituted a "half-truth," Plaintiffs cannot state a claim for fraud because they cannot allege reliance as a matter of law. Under Oregon law, Plaintiffs are required to allege justifiable reliance as part of a claim for fraud. *See Travis*, 204 F.R.D.at 659. As numerous courts have held, there can be no detrimental reliance on a lender's assessment, or lack thereof, of a borrower's ability to repay a loan in a lending transaction because "the borrower is in as good a position or better to know her own financial circumstances." *Anderson v. Franklin*, No. 2:09–cv–11096, 2010 WL 742765 at *8 (E.D. Mich. Feb. 26, 2010); *Renteria v. United States*, 452 F. Supp. 2d 910, 922–23 (D. Az. 2006) ("The [borrowers] cannot establish any right to reasonably rely on [the lender's] determination of their ability to repay the loan. Rather, [the borrowers] had to rely on their own judgment and risk

9 – OPINION AND ORDER

assessment to determine whether or not to accept the loan."); *Yoshikazu v. Pinnacle Fin. Corp.*, No. 3:11–cv–00411–ECR–RAM, 2012 WL 1018201 at *6 (D. Nev. Mar. 26, 2012) (same).

Plaintiffs' inherent representation theory goes too far, and would expose every mortgage loan lender to fraud liability unless the lender could guarantee the borrower's ability to repay the loan without selling or refinancing the collateral. This does not properly reflect the reality of the mortgage loan industry, which is driven by arm's length transactions between two parties, each of whom acts in furtherance of its own financial interests.

Plaintiffs failed to allege the existence of any "half-truth" made by the Defendant. Additionally, Plaintiffs cannot plead justifiable reliance on the lack of Defendants' assessment of Plaintiffs' ability to repay a loan. Thus, Plaintiffs did not sufficiently allege that Defendants were obligated to make a full and fair disclosure of Plaintiffs' ability to repay the loan without selling or refinancing their home.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Because the facts alleged by Plaintiffs, viewed in the light most favorable to them, cannot support their claim of fraud by omission, Defendants' motion to dismiss is GRANTED. Plaintiffs' failure to allege sufficient facts to sustain their fraud by omission claim in the amended complaint demonstrates that leave to further amend would be futile. The claim is dismissed with prejudice.[4]

IT IS SO ORDERED.

DATED this 23rd day of October, 2018.

                                                                  /s/ Michael McShane
                                                                 Michael McShane
                                                      United States District Judge

---

[4] I note that nothing in this opinion definitively concludes whether or not Defendants were obligated to make certain disclosures to Plaintiffs. Plaintiffs allege Defendants failed to make required disclosures in their claims under the Oregon Mortgage Lending Law, Am. Compl. ¶ 28; Predatory Lending, Am. Comp. ¶ 34; Truth In Lending Act, Am. Compl. ¶ 36; and in their claim to rescind the loan, Am. Compl. ¶ 38. Defendants do not move to dismiss any of those claims. This opinion merely concludes that Plaintiffs' allegations regarding alleged omissions do not support their claim of fraud.