IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NORMAN TAYLOR, and
DEBRA LEE TAYLOR;

        Plaintiffs,

        v.

GORILLA CAPITAL, INC., JOHN
HELMICK, and CASCADE TITLE, CO.;

        Defendants.

Case No. 6:18-cv-648-MC

ORDER

MCSHANE, Judge:

      This action stems from a loan Plaintiffs David and Debra Taylor secured with a deed of trust on their home. I previously granted Defendants' motions to dismiss Plaintiffs' claims centered on fraud and violations of the Real Estate Settlement Procedures Act. Plaintiffs further concede that their claim brought under federal law is not applicable. Defendants John Helmick and Gorilla Capital, Inc. now move for summary judgment on the Taylors' single remaining state law claim.[1] Helmick and Gorilla Capital, Inc. also seek summary judgment on their counterclaim for an award of attorney fees and costs. Because the Taylors fail to present evidence demonstrating the existence of a genuine issue of material fact on their remaining claim under Oregon's Mortgage Lending Law (OMLL), summary judgment is GRANTED on that claim. Because Helmick and Gorilla Capital, Inc. have proven that statutory and contractual provisions

---

[1] As Plaintiffs only conceded their federal claim in responding to Defendants' motion for summary judgment, the Court exercises its discretion to retain supplemental jurisdiction over the remaining state law claim.

1 – ORDER

allow for the recovery of attorney fees, they are entitled to a reasonable award of attorney fees and costs. Defendants' motion for summary judgment, ECF No. 35, is GRANTED.

## BACKGROUND

In May 2015, Jeremy Cruz contacted John Helmick about securing a loan for the auto business that he operated with the Plaintiffs' son, Garrett Taylor. Cruz Decl. ¶ 8, ECF No. 38; Helmick Decl. ¶¶ 1, 3, ECF No. 37. Cruz was previously employed by Gorilla Capital, Inc. ("Gorilla"), a company run by John Helmick. Courtney Decl. ¶ 2, ECF No. 39. However, no defendant employed Cruz at the time of the loan at issue. Courtney Decl. ¶ 3; Helmick Decl. ¶ 15. Helmick made an agreement with Cruz and Garrett Taylor to finance a loan secured by a lien on the house of Garrett Taylor's parents, David and Debra Taylor. Cruz Decl. ¶¶ 9-10; Helmick Decl. ¶¶ 4-6. All parties agree that Cruz negotiated the terms of the loan. Cruz Decl. ¶ 8; David Taylor Decl. ¶ 2, ECF No. 48. The loan for $90,000 was funded from Helmick's personal funds, and it was initially made payable to Helmick. Helmick Decl. ¶¶ 13-14. At no point did Gorilla offer a loan to the Taylors nor did it receive any funds from any party in connection with the loan. Courtney Decl. ¶¶ 4-5. Cruz personally received $39,800.35 of the loan proceeds. Cruz Decl. ¶ 17. The parties dispute the agreed upon use of these funds allocated to Cruz. The Taylors claim the funds were for "recapitalization" of the business by Cruz. Garrett Taylor Decl. 2, ECF No. 47; David Taylor Decl. ¶ 6. Helmick claims the funds were intended for a buyout of Cruz from the business. Cruz Decl. ¶ 18; Helmick Decl. ¶ 7.

The Taylors allege that Helmick and Gorilla are liable under Oregon state law for their employment of an unlicensed loan originator to negotiate the terms of the loan. As noted, Helmick and Gorilla move for summary judgment on this claim and their counterclaim for an award of attorney fees.

**STANDARDS**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

**DISCUSSION**

The Taylors remaining claim arises under the Oregon Mortgage Lender Law, ORS § 86A.095.198 (OMLL). Helmick and Gorilla counterclaim for an award of attorney fees and costs. I address each argument in turn.

**I. OMLL**

In order to succeed on an OMLL claim, a plaintiff must first demonstrate that the defendant is liable as "a person that employs . . . or should employ a mortgage loan originator." ORS § 86A.151(1). If a person employs, or should have employed, a mortgage loan originator, then that person is liable for any damages caused by 1) a violation of any other provision of OMLL; or 2) by any untrue statement of fact or omission of a material fact that is relied upon by the plaintiff. *Id*. OMLL does not explicitly define what parties should employ a mortgage loan

originator, but statutory history and other provisions within OMLL demonstrate that "mortgage bankers" and "mortgage brokers" are required to employ licensed mortgage loan originators. ORS § 86A.151(2)(amended 2009), ORS § 86A.106, .115, .178. Mortgage bankers and brokers include individuals that "for compensation, or in the expectation of compensation, . . . negotiate[] or offer[] to negotiate a mortgage banking loan or a mortgage loan." ORS § 86A.100(3)(a), (5)(a)(C). Exempt from this definition of mortgage bankers and brokers, however, are individuals that make a loan secured by their own personal funds who are not engaged in the business of making real estate interest loans. *Id.* at (3)(b)(C), (5)(b)(F).

Given these definitions, Gorilla cannot be held liable under OMLL because it was not a party to the loan. The loan was initially made payable to Helmick, not Gorilla, and it was funded from Helmick's personal funds, not Gorilla's. Helmick Decl. ¶¶ 13-14. The Taylors have not provided any evidence of Gorilla's involvement. Plaintiffs argument that Hemlick is liable also fails, because he does not fall under the class of persons who should have employed a mortgage loan originator under the OMLL. He is exempted from the definition of a mortgage banker or broker as he funded the loan with his personal funds and is not in the business of making real estate interest loans. The loan in question is the only loan secured by real estate Helmick has ever made. Helmick Decl. ¶ 10. Therefore, Helmick was not required to employ a mortgage loan originator and thus, he is not liable under OMLL unless he actually employed one.

Attempting to establish liability for Helmick under OMLL, the Taylors turn to an interpretation of the statute based on its legislative history. They argue that because the legislature amended ORS § 86A.151 to read "a person" instead of "mortgage bankers or mortgage brokers," the Oregon legislature intended to broaden liability under OMLL to all lenders, not just mortgage bankers or brokers. Under this argument, Helmick would face

liability, even as an exempted private lender, because he was "a person" who allegedly employed a mortgage loan originator, Cruz. The Taylors' argument relies on this broader interpretation of OMLL and a finding that Cruz was a mortgage loan originator. However, this Court does not need to resolve this statutory interpretation issue. Even assuming the Taylors' statutory interpretation argument is correct, their claim fails because there is no evidence demonstrating that Cruz was employed as a mortgage loan originator.

A mortgage loan originator is defined as "an individual, who for compensation or gain . . . offers or negotiates terms for a residential mortgage loan." ORS § 86A.200(4). It is undisputed that Cruz negotiated the terms of the loan at issue. Cruz Decl. ¶ 8; David Taylor Decl. ¶ 2. It is also undisputed that close to $40,000 of the loan proceeds went to Cruz personally. Cruz Decl. ¶ 17. The Taylors argue that these funds received by Cruz are compensation or gain for negotiation of the loan, meaning Cruz operated as a mortgage loan originator. This argument is not supported by the evidence.

Although the parties dispute the purpose of the funds provided to Cruz, the evidence demonstrates that the funds were meant for something other than compensation for negotiation of the loan. The evidence demonstrates that the proceeds were either funds delivered to a representative of the business for "recapitalization," or funds delivered as a buyout of the business. The Taylors present no evidence that the purpose of the $40,000 was compensation or "gain" for negotiating the loan. While Cruz may have wrongfully profited from misrepresenting his intentions for the funds to the Taylors, Cruz is not a defendant in this action and any fraud or breach of contract on Cruz's part is not relevant to the remaining claim against Helmick and Gorilla Capital.

Because the Taylors fail to establish a genuine issue of material fact regarding whether Cruz received compensation or gain from negotiating the terms of the loan, they fail to establish liability for Helmick under OMLL. Because there is no evidence to show Gorilla participated in the loan, the Taylors fail to establish liability for Gorilla under OMLL. The Defendants' motion for summary judgment is granted.

**II. Attorney Fees**

The parties dispute the issue of attorney fees. The American common law rule regarding the awarding of attorney fees demonstrates that parties are not entitled to such an award unless provided for by statute or contractual provision. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). Helmick and Gorilla base their claim for attorney fees, in part, on the contractual language of the promissory note. Helmick Decl. Ex. A, ECF No. 37. The contract stipulates that should the note be "placed in the hands of an attorney for collection," the Taylors "promise and agree to pay holder's reasonable attorney fees and collection costs." *Id.* Helmick was the "holder" of the promissory note. *Id.* Therefore, based on the language of the contract between Helmick and the Taylors, Helmick is entitled to a recovery of reasonable attorney fees and costs.

Gorilla cannot be awarded attorney fees based on the promissory note because Gorilla was not privy to the contract. However, Gorilla also seeks an award of attorney fees under a provision of OMLL. This provision entitles the court to award reasonable attorney fees and costs to the prevailing party in an OMLL claim. ORS § 86A.151(7). Based on the discussion above, Gorilla is entitled to an award of reasonable fees as a prevailing party in an OMLL claim. The award will be limited to costs associated with work on the OMLL claim alone.

Because the Taylors and Helmick entered into a contract with a provision for the recovery of attorney fees and costs, Helmick is entitled to an award of reasonable attorney fees and costs. Because Gorilla was a prevailing party in an OMLL claim, Gorilla is entitled to an award of reasonable attorney fees and costs in relation to the OMLL claim.

## CONCLUSION

Because the Taylors have not presented evidence establishing a genuine issue of material fact that Helmick and Gorilla are liable under OMLL, their state law claim fails. Because Helmick and Gorilla Capital, Inc. have proven that statutory and contractual provisions allow for the recovery of attorney fees, they are entitled to a reasonable award of attorney fees and costs. Defendants' motion for summary judgment, ECF No. 35, is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of July 2019.

/s/ Michael McShane
Michael McShane
United States District Judge