**Garrett S. Ledgerwood, OSB 143701**
gledgerwood@hershnerhunter.com
**Lillian M. Marshall-Bass, OSB 161811**
Lmarshall-bass@hershnerhunter.com
Hershner Hunter, LLP
180 East 11th Avenue
P.O. Box 1475
Eugene, OR 97440
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

**Of Attorneys for Defendants John Helmick and Gorilla Capital, Inc.**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **DAVID NORMAN TAYLOR, and DEBRA LEE TAYLOR;**<br><br>Plaintiffs,<br><br>v.<br><br>**GORILLA CAPITAL, INC., JOHN HELMICK, and CASCADE TITLE, CO.;**<br><br>Defendants. | Case No. 6:18-cv-00648-MC<br><br>**DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AWARD OF ATTORNEY FEES**<br><br>Referred to United States District Court |

## LOCAL RULE 7-1 and 54-3 CERTIFICATIONS

Pursuant to Local Rule 7-1(a), Defendants John Helmick and Gorilla Capital, Inc. certify that they made a good faith effort through telephone conference to resolve the dispute and were unable to do so. This motion complies with the applicable word limit count limitation under Local Rule 54-3 because it contains 2,946 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

Page 1 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

## MOTION

Pursuant to Fed. R. Civ. P. 54(d)(2), LR 54-3, the Judgment entered on June 19, 2019 (ECF No. 55, the "*Judgment*") and the Order Granting Defendants' Motion for Summary Judgment entered June 19, 2019 (ECF No. 54, the "*MSJ Order*"), Defendants John Helmick and Gorilla Capital, Inc. ("*Defendants*") move this Court for (i) in favor of John Helmick an award of taxable costs of $1,890.45, an award attorneys' fees of $44,737.00 and an award of non-taxable costs of $199.86 and (ii) in favor of Gorilla Capital an award of taxable costs of $1,890.45 and an award attorneys' fees of $15,219.79.

This motion is based on the following:

1.  Defendants are the prevailing parties in this action;

2.  Under Fed. R. Civ. P. 54(d)(1), Defendants are entitled to recover from Plaintiffs their taxable costs in this matter;

3.  Under the Judgment and MSJ Order, John Helmick is entitled to recover from Plaintiffs his attorneys' fees and non-taxable costs in defense of this action based on the promissory note and trust deed securing his loan; and

4.  Under the Judgment and MSJ Order, Gorilla Capital is entitled to recover from Plaintiffs its attorneys' fees in defense of the Oregon Mortgage Lending Law (OMLL) claim as provided by ORS 86A.151(7).

This motion is also supported by the records in this action, the Declaration of Garrett S. Ledgerwood in support of this Motion (hereinafter, the "*Ledgerwood Decl.*") and the following memorandum.

## MEMORANDUM IN SUPPORT

### I. Introduction

For sixteen months, Defendants were forced to litigate Plaintiffs' meritless claims related to a loan by John Helmick to Plaintiffs. Because of Plaintiffs' scattershot pleading and frivolous claims, Defendants filed two motions to dismiss (both granted in part) and a motion for summary judgment that finally disposed of Plaintiffs' claims in their entirety. As was initially clear, Plaintiffs had no legal or factual basis for their claims. Rather, Plaintiffs' lawsuit appeared solely calculated to forestall John Helmick's foreclosure of his loan, at substantial cost to Mr. Helmick and Gorilla Capital. Indeed, Plaintiffs' claims were bordering on bad faith with respect to Gorilla Capital, which had no interest in the loan. Accordingly, Defendants request that this Court (i) award Helmick his reasonable attorneys' fees and costs in this action pursuant to his promissory note and trust deed and (ii) award Gorilla Capital its reasonable attorneys' fees and costs in defense of Plaintiff's OMLL claim as allowed by ORS 86A.151(7).

### II. Argument

#### A. As prevailing parties, Defendants are entitled to their taxable costs.

Under Rule 54(d)(1), costs are allowed to a prevailing party in litigation. Defendants prevailed on all proceedings before this Court, including two motions to dismiss and a motion for summary judgment. Accordingly, under Fed. R. Civ. P. 54, they are the prevailing parties, entitled to an award of their taxable costs. Filed concurrently with this motion is a bill of costs itemizing Defendants' taxable costs, which total $3,780.90. Defendants each seek an award of one-half of the taxable costs.

/////

/////

Page 3 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

**B.    Defendants are entitled to their attorneys' fees under the promissory note, trust deed and ORS 86A.151.**

As provided in the MSJ Order, John Helmick is entitled to an award of his reasonable fees and costs in defense of this action under his promissory note and trust deed. Attached as **Exhibit A** to the Declaration of Garrett S. Ledgerwood in support of this Motion (hereinafter "***Ledgerwood Decl.***") are the time records of Hershner Hunter LLP related to Helmick's defense of this action.

Pursuant to ORS 86A.151 and the MSJ Order, Gorilla Capital is also entitled to an award of its fees in defense of Plaintiffs' OMLL claim. Attached as **Exhibit B** to the Ledgerwood Declaration are the time records of Hershner Hunter related to Gorilla Capital's defense of Plaintiffs' OMLL claim.

1.    *The rates charged by Hershner Hunter were reasonable.*

Oregon law governs an award of attorneys' fees to John Helmick under his promissory note and trust deed. *Northon v. Rule* 637 F.3d 937, 938 (9th Cir. 2011). Oregon courts generally use the lodestar method to determine when a fee request is reasonable. *See Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d 439, 447-48 (Or. 2013). Under the lodestar method, courts determine reasonable rates by looking at prevailing rates in the relevant community for similar work performed by attorneys of comparable skill, experience and reputation. *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). This Court has advised it will look to the "Oregon State Bar Economic Survey" for guidance on reasonable rates. According to the Bar Economic Survey, the mean billing rate for attorneys practicing in Business/Corporate litigation is $286/hour and the 75th percentile is $325/hour. See **Exhibit C** to Ledgerwood Declaration.

The names, titles, total hours and rates of the attorneys and professional staff employed by Defendants' in this action are as follows:

Page 4 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

| Professional | Title | Hours | Rate |
|---|---|---|---|
| Garrett Ledgerwood | Partner | 249.30 | $280-$290 |
| Mario Conte | Partner | 1.60 | $280-$290 |
| Amanda Walkup | Partner | .20 | $275 |
| Patrick Wade | Of Counsel | .70 | $255 |
| Alexandra Hilsher | Associate | .60 | $205 |
| Lillian Marshall-Bass | Associate | 43.30 | $180-$190 |
| Anthony Hunt | Associate | 11.80 | $130-$140 |
| Susie Staats | Legal Assistant | 35.40 | $110 |
| Lynn Burgardt | Legal Assistant | 14.80 | $110 |
| Laurie Parrish | Legal Assistant | 2.90 | $100 |
| Cari Ramirez | Paralegal | .10 | $110 |

As detailed in the Ledgerwood Declaration, the rates of the attorneys and staff employed by Defendants is commensurate with the mean billing rates of attorneys in the region with similar practice and experience.

    2.    *The time billed in this case was reasonable, necessary and proportionate.*

The time billed by Defendants' counsel was reasonable, necessary and proportionate to the needs of the case. The time expended is categorized as follows:

    a.    **First Motions to Dismiss**

On March 9, 2018, Gorilla Capital filed its first motion to dismiss. On April 6, 2018, John Helmick filed his first motion to dismiss. The motions to dismiss and replies sought dismissal of each of Plaintiffs' four claims. Defendants moved to dismiss Plaintiffs' fraud claim for failure to allege with particularity, failure to allege knowledge, and failure to allege actual damages. Defendants moved to dismiss Plaintiffs' OMLL claim based on Plaintiffs' failure to allege Defendants were mortgage brokers under the OMLL, which involved significant statutory, regulatory and case research. Ledgerwood Decl. ¶ 18. Defendants moved to dismiss Plaintiffs' TILA claim based upon pleading deficiencies and upon the statute of limitations. The last basis

Page 5 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

for dismissal involved significant research into conflicting interpretations, including a decision by another judge in this Court. Ledgerwood Decl. ¶ 19. On June 28, 2018, this Court granted in part the motions to dismiss.

Helmick seeks an award of his entire fees for the first motion to dismiss, totaling $6,699.00. Because the OMLL claim comprised one of four claims for which it sought dismissal, Gorilla Capital seeks 1/4 of its fees for the motion, totaling $2,821.62.

b.   **Second Motion to Dismiss**

On July 20, 2018, Plaintiffs filed their first amended complaint (ECF No. 22), asserting fraud, OMLL and Dodd-Frank/HOEPA/TILA claims against Defendants. On August 1, 2018, Defendants filed their second motion to dismiss, seeking to dismiss Plaintiffs' fraud claim (ECF No. 23). On October 23, 2018, this Court dismissed Plaintiffs' fraud claim with prejudice (ECF No. 28).

Helmick seeks an award of his full fees for the second motion to dismiss and reply, totaling $2,934.00. Because the motion did not relate to Plaintiffs' OMLL claim, Gorilla Capital does not seek an award of its fees for the motion and reply.

c.   **Answer, Affirmative Defenses and Counterclaims**

On November 5, 2018, Defendants filed their answers (ECF Nos. 29 and 30). In addition to answering Plaintiffs' allegations, Helmick asserted a counterclaim for attorneys' fees and costs under the loan documents and Gorilla Capital asserted a counterclaim for attorneys' fees under ORS 86A.151.

Helmick seeks an award of his full fees for the answer, totaling $1,584.00. Because the OMLL claim comprised one of two claims for which it filed its answer, Gorilla Capital seeks 1/2 of its fees for the answer, totaling $657.50.

Page 6 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

### d.     **Motion for Summary Judgment**

On February 28, 2019, Defendants filed their motion for summary judgment on Plaintiffs' two remaining claims (ECF No. 35).  On June 19, 2019, the Court granted the motion.  The motion for summary judgment involved significant research into the text and legislative history of the OMLL and RESPA/Dodd-Frank/TILA.  Further, the motion involved compiling statements from Plaintiffs' depositions, reviewing more than 1,500 pages of discovery documents, and preparing three declarations in support.  The reply to the motion involved further research on these issues to address new arguments raised in Plaintiffs' response and to address evidence Plaintiffs improperly sought to have considered by this Court.  Ledgerwood Decl. ¶ 20.

Helmick seeks an award of his full fees for the motion for summary judgment and reply, totaling $7,165.00.  Because the OMLL claim comprised one of two claims for which Gorilla Capital sought summary judgment, Gorilla Capital seeks 1/2 of its fees for the motion and reply, totaling $3,126.00.

### e.     **Settlement Conference**

On February 7, 2019, Defendants participated in a settlement conference with Hon. Frank R. Alley (Ret.).  In advance of the conference, Defendants prepared a seven-page letter detailing their claims and defenses, the facts uncovered in discovery and an initial settlement offer.  The settlement conference took three-quarters of a day on February 7.  Following the conference, Defendants continued settlement negotiations directly with Plaintiffs and through Judge Alley, proposing additional settlement offers.  Ledgerwood Decl. ¶ 21.

Helmick seeks an award of his full fees incurred for settlement negotiations, totaling $3,369.00.  Because the OMLL claim comprised one of two claims it was seeking to settle, Gorilla Capital seeks 1/2 of its fees for settlement negotiations, totaling $607.50.

Page 7 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT
MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

f.  **General Discovery**

In discovery Helmick produced 1,332 pages of documents and reviewed documents produced by Plaintiffs and Co-Defendant Cascade Title Co. Because Helmick is an attorney, the document review involved complicated issues of attorney-client privilege. Gorilla Capital produced 1,010 pages of documents. Further, Plaintiffs requested from Gorilla Capital extensive documents related to prior lending and sales activities, which involved time of counsel to consult with Gorilla Capital employees on search methodologies. Ledgerwood Decl. ¶ 23.

Helmick seeks an award of his full fees for general discovery in this matter, totaling $9,599.50. Gorilla Capital seeks (i) 1/4 of its fees for general discovery before the Court's order on the first motion to dismiss on June 28, 2018, totaling $1,150.50, (ii) 1/3 of its fees for general discovery before the Court dismissed Plaintiffs' fraud claim on October 23, 2018, totaling $305.00, and (iii) 1/2 of its fees after the Court dismissed the fraud claim, totaling $375.50.

g.  **Depositions**

Defendants prepared for and took full-day depositions of each Plaintiff, defended the full-day deposition of John Helmick, and attended depositions of three employees of Cascade Title Co. Because of the extensive discovery, the depositions for Plaintiffs involved 56 exhibits for Debra Taylor and 40 exhibits for David Taylor, including detailed bank records, phone records and email strings. Ledgerwood Decl. ¶ 24.

Helmick seeks an award of his entire fees for the depositions, totaling $8,384.00. Because the OMLL claim comprised one of three claims it was defending at the time of the depositions, Gorilla Capital seeks 1/3 of its fees for the depositions, totaling $2,523.67.

/////

/////

Page 8 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

h.  **Miscellaneous Fees.**

Defendants incurred miscellaneous legal expenses, including correspondence with counsel, filing of corporate disclosure statements, a motion to withdraw the reference from the bankruptcy court, and miscellaneous research regarding local rules and Plaintiffs' right to a jury trial. Ledgerwood Decl. ¶ 25.

Helmick seeks an award of his entire miscellaneous fees, totaling $1,809.50. Because most of its miscellaneous fees occurred before the Court's order on the first motion to dismiss, Gorilla Capital seeks 1/4 of its miscellaneous fees, totaling $653.50.

i.  **Fees for Fees**

Finally, as the prevailing parties, Defendants are entitled to their fees for this motion. *Copeland-Turner v. Wells Fargo Bank, N.A.*, 2012 WL 92957 at *6 (D. Or. Jan. 11, 2012). Accordingly, Helmick seeks fees for this motion totaling $3,193.00. Gorilla Capital seeks fees for this motion totaling $ 2,999.00.

j.  **Total Fees Sought**

The total fees sought by Helmick in this matter are $44,737.00. The total fees sought by Gorilla Capital in this matter are $15,219.79. The total fees sought consist of the following:

| Task | Helmick Fees | Gorilla Fees |
|---|---|---|
| 1st Motion to Dismiss and Reply | $6,699.00 | $2,821.62 |
| 2nd Motion to Dismiss and Reply | $2,934.00 | $0.00 |
| Answer and Counterclaims | $1,584.00 | $657.50 |
| Summary Judgment and Reply | $7,165.00 | $3,126.00 |
| Settlement Conference and Discussions | $3,369.00 | $607.50 |
| Document Discovery | $9,599.50 | $1,831.00 |
| Depositions | $8,384.00 | $2,523.67 |
| Miscellaneous | $1,809.50 | $653.50 |
| Fee Motion | $3,193.00 | $2,999.00 |
| **TOTAL** | **$44,737.00** | **$15,219.79** |

Page 9 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

3. *Under ORS 20.075(a), Defendants should be awarded their attorney fees.*

In addition to the lodestar method, courts awarding fees under Oregon law must also consider the factors set forth in ORS 20.075. These factors likewise weigh in favor of Defendants:

a. **Conduct of the parties.**

Plaintiffs' conduct in this proceeding was at a minimum reckless and bordered on bad faith. Plaintiffs' initial complaint was a scattershot pleading, without regard to their ability to prove facts supporting their claims. Indeed, Plaintiffs abandoned their anti-steering claim after Defendants' first motion to dismiss, and this Court ultimately dismissed Plaintiffs' fraud claim with prejudice after they failed to properly allege the claim in their amended complaint. Plaintiffs' conduct as to Gorilla Capital was especially egregious, apparently naming it as a defendant only because Helmick was its principal.

b. **Objective reasonableness of the parties.**

Plaintiffs had no objectively reasonable basis for maintaining any claims against Gorilla Capital because it was not the lender. Likewise, their fraud and anti-steering claims against Helmick were frivolous, without basis in fact or law.

c. **Deterrence of good faith claims.**

There is no risk that an award of fees would deter future good faith claims. Gorilla Capital was not the lender on loan and, as a result, no claims could have been brought in good faith. As to Helmick, his award is by virtue of his note and trust deed and his prevailing in the litigation.

d. **Deterrence of bad faith claims.**

The claims against Gorilla Capital were entirely without merit and appear asserted solely to apply pressure to Helmick, a principal of Gorilla Capital. Likewise, the fraud claim appeared asserted solely to malign the reputation of Helmick and Gorilla Capital and to create settlement pressure. An award of attorneys' fees would deter such future bad faith claims.

Page 10 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

  e. **Reasonableness and diligence of the parties during proceedings.**

Plaintiffs were unreasonable in asserting and maintaining any claims against Gorilla Capital or their fraud and anti-steering claims against Helmick. Defendants were diligent in prosecuting the case.

  f. **Reasonableness and diligence of the parties in pursuing settlement.**

Defendants made several settlement offers to resolve the dispute, including a cash-for-keys offer, an offer to lease the property with a purchase option, and an offer for a discounted refinancing, all of which Plaintiffs rejected. Ledgerwood Decl. ¶ 22.

  g. **Time and labor; novelty and difficulty, and skill.**

Because of Plaintiffs' scattershot pleading, this action required significant time and labor, including two motions to dismiss. Further, Plaintiffs' OMLL claim involved a complicated statute, not previously interpreted by a court and which required research into prior iterations of the statute and legislative history. Third, Plaintiffs' TILA claim involved significant research into unsettled areas of law, including conflicting case law in the Ninth Circuit on the applicable statute of limitations. Finally, this proceeding was overlaid by Plaintiffs' bankruptcy case, adding further complexity.

  h. **Preclude attorney from taking other cases.**

Hershner Hunter's representation of Gorilla Capital and Helmick in this matter did not preclude the Firm from taking on other representation.

  i. **The fee customarily charged in the locality for similar legal services.**

The fees charged by Hershner Hunter for this engagement were commensurate with the fees charged by other attorneys in the region of comparable experience, training and reputation.

Page 11 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

     j.  **The amount involved in the controversy and the results obtained.**

Plaintiffs sought damages against Defendants for $92,000 plus fees and costs. Defendants prevailed on two motions to dismiss and obtained summary judgment on Plaintiffs' remaining claims.

     k.  **The time limitations imposed by the client or the circumstances of the case.**

Because of the nature of the claims asserted and the reputational damage resulting from the claims, Defendants sought to have the litigation resolved as quickly as possible. Ledgerwood Decl. ¶ 26.

     l.  **The nature and length of the attorney's professional relationship with the client.**

John Helmick, the principal of Gorilla Capital, is a former attorney of Hershner Hunter and long-standing client of the Firm. This engagement was Hershner Hunter's first representation of Gorilla Capital. Ledgerwood Decl. ¶ 27.

     m.  **The experience, reputation and ability of the attorney performing the services.**

The attorneys representing Defendants have experience, reputation and training commensurate with the fees charged.

     n.  **Whether the fee of the attorney is fixed or contingent.**

The fees charged were neither fixed nor contingent.

**C.  Defendant John Helmick is entitled to recover his non-taxable costs under his promissory note and trust deed.**

Under his note and trust deed, Helmick is entitled to recover his non-taxable costs. Attached as **Exhibit D** to the Ledgerwood Declaration is an itemization of Helmick's non-taxable costs consisting of (i) $70.30 in federal court search charges (PACER); (ii) $2.89 in postage; (iii) $3.64 in conference call charges; and (iv) $123.03 in charges for Logikcull, Hershner Hunter's

Page 12 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}

subscription-based discovery management software. Helmick's total non-taxable costs are $199.86.

### III. Conclusion

For the reasons above, Defendants respectfully request the Court enter judgment in their favor on their counterclaims:

1. For Defendant John Helmick:

    a. Taxable costs of $1,890.45;

    b. Reasonable attorneys' fees of $44,737.00; and

    c. Non-Taxable costs of $199.86.

2. For Defendant Gorilla Capital:

    a. Taxable costs of $1,890.45; and

    b. Reasonable attorneys' fees of $15,219.79.

DATED: July 3, 2019.

HERSHNER HUNTER, LLP

By  */s/Garrett S. Ledgerwood*
**Garrett S. Ledgerwood, OSB 143701**
gledgerwood@hershnerhunter.com
**Lillian M. Marshall-Bass, OSB 161811**
lmarshall-bass@hershnerhunter.com
Telephone: (541) 686-8511
Facsimile: (541) 344-2025
**Of Attorneys for Defendant John Helmick and Gorilla Capital, Inc.**

Page 13 – DEFENDANTS JOHN HELMICK'S AND GORILLA CAPITAL'S JOINT MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS.

{01821973.DOCX}